[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN AND MODIFY JUDGMENT
The plaintiff has moved this court to reopen its judgment of dissolution in the above-captioned matter and for a modification of that judgment.
The defendant has filed a motion to open the judgment seeking judgment de novo as a result of the mutual mistake of the parties regarding the judgment.
The court heard argument on both motions and makes the following findings and conclusions.
The plaintiff and defendant, together with their counsel participated in pretrial negotiations in this matter for approximately five hours on June 7, 1991. Part of those negotiations included discussions with Robert Collucci, Family Relations Supervisor.
During their negotiations, the parties exchanged financial affidavits.
Among other personal property assets, the plaintiff's financial affidavit of that date listed the CT Page 10480 following: "Northeast Savings — CD $10,000.00 (Joint)."
Among the personal property assets on the defendant's financial affidavits of that date was listed the following: "NE Savings $10,000.00."
At a hearing on the respective motions to open the judgment, Mr. Collucci testified that during the settlement negotiations wherein he was present, there was discussion between the parties about a bank account in the amount of $10,000. Without disclosing his recommendations, Mr. Collucci testified that he understood the $10,000.00 bank account to have been considered by the parties to be a marital asset to be included in any judgment distributing the parties property.
The parties entered into a handwritten separation agreement (Plaintiff's Ex. 1) which contained no reference to any personal property.
The Separation Agreement was submitted to the court (Steinberg, J.) and the court asked the parties if they understood the agreement, if they had discussed it with their respective attorneys and whether either had any questions about it. (Transcript, June 7, 1991, p. 1-5).
The court proceeded to enter a judgment dissolving the marriage of the parties. The separation agreement was incorporated into the judgment.
The plaintiff subsequently testified that on the very next banking day after the judgment had entered, he went to Northeast Bank to close out the certificate of deposit listed on his financial affidavit. His intent was to use those funds as part of an initial $12,500 payment to the defendant, pursuant to the judgment. He was advised by the bank that the defendant had closed out that account in 11 October, 1990, some seven months before the date of judgment.
The defendant subsequently confirmed that fact during his testimony. She further testified that after retaining approximately $1,526.00 in accrued interest, she deposited $10,000.00 in an account in her own name. It was that account, she testified, which appeared on her May 7, CT Page 10481 1991 financial affidavit.
The defendant, in her brief in support of her Motion to Open, stated "On June 7, 1992 (sic) each party, their counsel, Mr. Collucci of Family Relations and Judge Steinberg dealt with this matter without realizing that the two $10,000.00 accounts listed on the respective financial affidavits were one and the same. . . ." (emphasis added). Hence, the claim of mutual mistake.
This court disagrees.
The court finds, based upon her prior conduct, the defendant knew or should have known that the account described on the plaintiff's financial affidavit of June 7, 1991, did not exist; having personally closed it out in October, 1990.
The court further finds that by her failure to inform the plaintiff and the court of that fact at the time of the settlement negotiations and judgment, the defendant committed fraud in the form of nondisclosure.
Fraud, as known to equity jurisprudence, includes all acts, omissions and concealments by which an undue and unconscientious advantage is taken over another.
Story vs. Norwich Worcester R. Co., 24 Conn. 94,113-114 (1855), as cited in Pacelli Bros. Transportation, vs. Pacelli, 189 Conn. 401, 410 (1983).
Courts exercising equitable jurisdiction have broadened the legal conception of fraud as an affirmative representation to include more subtle guises, such as nondisclosure. Pacelli Bros. Transportation, Inc., supra, p. 410.
The defendant fraudulently failed to disclose the plaintiff his erroneous belief that the joint certificate of deposit was still in existence.
Her nondisclosure came at a time when there existed an occasion or circumstance which imposed on her a duty to speak. Duska v. Middletown, 173 Conn. 124, 127
(1977). That occasion or circumstance was the extensive CT Page 10482 settlement negotiations which lead to the agreement and judgment.
For the foregoing reasons, the court grants the plaintiff's motion to open the judgment of June 7, 1991, for the specific and limited purpose of determining an equitable distribution of the marital asset described a "NE Savings $10,000.00" bank account on the defendant's financial affidavit. In all other respects, the judgment of June 7, 1991, shall remain in full force and effect.
The court takes no action on the defendant's Motion to Reopen, the relief sought therein having been rendered moot.
By the Court,
Joseph W. Doherty, J.